UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DAVID A. HUNTLEY | ) | |
|---|---|---|
| | ) | |
| v. | ) | 4:07-cv-56/4:06-cr-8 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM

David A. Huntley ("Huntley"), has filed a motion for post-conviction relief under 28 U.S.C. § 2255. Huntley contends that his sentences should be vacated, set aside, or corrected because counsel was ineffective in several respects, namely that he failed to request a reduction of sentence, failed to argue application of the safety valve, and failed to ask the government to file a USSG § 5K1.1 motion. Other failures to which Huntley points as illustrations of ineffective assistance was counsel's failure to file a direct appeal, failure to argue disparity of sentences, and failure to argue he should have been prosecuted for possession of methamphetamine rather than for manufacturing it.

Having reviewed the materials thus submitted, together with the complete record of the underlying criminal case, the Court finds they show conclusively defendant is not entitled to relief on the claims asserted. Accordingly, the Court will decide the matter and explain the reasons petitioner's asserted grounds for relief are without merit, without requiring the government to file an answer and without an evidentiary hearing. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943 (1993) and Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

**I.	28 U.S.C. § 2255 - Standard of Review**

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveals the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193

2

(7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied sub nom. Roy Charles Williams, Sr. v. United States*, 439 U.S. 988 (1978). To warrant relief for a nonconstitutional error a movant is required to show a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent

with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. at 354; *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

"On collateral review, a trial error is deemed harmless unless it had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998), *quoting Brecht v. Abrahamson*, 507 U.S. at 637. "It is a 'well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.'" *Fair*, 157 F.3d at 430, *quoting United States v. Frady*, 456 U.S. 152, 166 (1982). A defendant must show a "fundamental defect" in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error which violates due process in order to prevail under 28 U.S.C. § 2255. *See Fair*, 157 F.3d at 430; *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).

**II.      Background**

On June 29, 2006, Huntley pleaded guilty to one count of conspiracy to manufacture 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 & 841(a)(1) & (b)(1)(A). He was subsequently sentenced to the custody of the United States Bureau of Prisons to be imprisoned

3

for a term of 120 months. Huntley did not pursue a direct appeal.

> The following recitation of facts is taken from the factual basis of the government's case:
>
> On March 22[], 2006, after having received information from others involved in the conspiracy charged in Count One that the defendant had manufactured methamphetamine, DEA TFO Josh Melton went to the defendant's residence in Grundy County, Tennessee. The defendant consented to a search of his residence. Various items associated with the manufacture of methamphetamine were located there. The defendant agreed to speak with Melton after having been advised of this rights under <u>Miranda</u>. He admitted that materials found in the home were in fact used to manufacture methamphetamine. He further stated that he had been manufacturing methamphetamine for the previous 5 years, that he made methamphetamine approximately once every two weeks during that time frame, and that each time the yield of useable methamphetamine was approximately 7 grams.
>
> Between January 2[], 2002, and March 14[], 2006, the defendant conspired with others to manufacture methamphetamine. During that period, the defendant produced or participated in producing with others, including persons also named in the Indictment, over 500 grams of methamphetamine.

Criminal Action No. 4:06-cr-8 (Court File No. 161).

## III. Analysis

**Ineffective Assistance of Counsel**

Huntley contends he received ineffective assistance of counsel. In his initial § 2255 motion, Huntley identified four instances of alleged ineffective assistance of counsel (Court File No. 392). The Court ordered Huntley to provide factual support for each of the four alleged instances of ineffective assistance of counsel (Court File No. 393). Instead, Huntley filed an amended § 2255 motion wherein he failed to provide any factual support for each of the four alleged instances of ineffective assistance of counsel, omitted two of his original claims,[1] and added four more factually

---

[1] The Court observes that, in his amended § 2255 motion, Huntley failed to include his claim of counsel's failure to adequately discuss the case with him prior to entry of his guilty plea

4

unsupported alleged instances of ineffective assistance of counsel (Court File No. 400).

In this § 2255 proceeding, the burden is on Huntley to prove he is entitled to relief. *Owen v. United States*, 660 F.2d 696, 702 (6th Cir. 1981). A motion under § 2255 must consist of something more than legal conclusions unsupported by factual allegations. *Short v. United States*, 504 F.2d 63 (6th Cir. 1974). Huntley has failed to provide any factual support for any of his claims in violation of Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Court. Therefore, the Court concludes that, devoid of any factual support, Petitioner's allegations are insufficient to support a request for relief under § 2255. *See Oliver v. United States*, 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992) ("No hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, ...").

Nevertheless, although neither Huntley's original nor amended § 2255 motion comports with Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts in that he has failed to state the facts supporting each ground, liberally construing this *pro se* motion, the Court will address each claim, to the extent possible, based on the limited information Huntley

---

and his claim that counsel only saw him once before sentencing. Huntley did not raise these claims in his amended § 2255 motion which completely supersedes the original motion. Once a motion is amended, the only issues before the Court are the ones raised in the text of the amended motion. *See Fritz v. Standard Life Ins. Co.,* 676 F.2d 1356, 1358 (11th cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint"). Nevertheless, the Court concludes Huntley did not provide any factual support for either of these two claims to demonstrate counsel was deficient or that Huntley suffered any prejudice. Additionally, during his sentencing hearing Huntley informed the Court that he read his presentence report and had sufficient time to discuss the report with his attorney (Criminal Court File No. 371, p. 3-4). Even assuming these allegations are true, Huntley has not identified how these alleged shortcomings prejudiced him. Consequently, Huntley has failed to demonstrate counsel was ineffective for failing to adequately discuss his case with him prior to entry of his guilty plea and for meeting with him on only one occasion prior to his sentencing hearing.

5

provided.

   A. *Applicable Law*

The Supreme Court established a two-part test for determining whether an ineffective assistance of counsel claim is meritorious in *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong of the *Strickland* test requires Huntley to show that his attorney's representation was deficient, *i.e.*, fell below an objective standard of reasonableness. Huntley must show his counsel made such serious errors that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U .S. at 687-88; *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir.1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir.1995); *United States v. Medved*, 905 F.2d 935, 942 (6th Cir.1990).

The second prong of the *Strickland* test requires Huntley to show that counsel's deficient performance prejudiced his case. *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir.1994); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir.1993). The issue is whether defense counsel's performance was so manifestly ineffective that defeat was snatched from the hands of probable victory. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir.1996); *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir.1992) (*en banc*). To satisfy the second element of the *Strickland* test, Huntley has to establish a reasonable probability that, but for the errors of his attorney, the result of the criminal proceeding would have been different. *Strickland*, 466 U.S. at 694; *Mapes v. Coyle*, 171 F.3d 408, 425 (6th Cir.1999). In sum, Huntley must show a reasonable probability that, but for counsel's errors, a plea of not guilty would have been entered and he would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

6

Huntley's motion on its face fails to state a claim under the *Hill* test, because it is devoid of any assertion that but for the alleged errors of counsel, Huntley would not have pleaded guilty and would have insisted on going to trial. *Id.* at 60 ("Because petitioner in this case failed to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test [in challenging a guilty plea], the district court did not err in declining to hold a hearing on [his] ineffective assistance of counsel claim."). Given the facts concerning the strength of the government's case against Huntley and the benefit he received by pleading guilty (three level reduction for acceptance of responsibility), it is unlikely he would have insisted on going to trial. Nevertheless, while it is by no means clear that Huntley would have elected to go to trial rather than plead guilty, the Court will construe his *pro se* pleading liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), and examine the merits of Huntley's claims despite his failure to plead the prejudice required under *Hill*.

   B.   *Claims*

The thrust of Huntley's claims addressing the performance of his trial counsel during his guilty plea and sentencing hearing include several alleged instances of counsel's deficient performance with no explanation of how these actions or inactions prejudiced him. Huntley raises the following six claims of ineffective assistance of trial counsel:

1. Attorney Peters failed to argue for the safety valve[.]

2. Attorney Peters failed to appeal sentence[.]

3. Attorney Peters failed to follow up and inform movant as to status of possible reduction of sentence.

4. Attorney Peters failed to argue that the majority of the weight of methamphetamine should have been prosecuted under 21 U.S.C. 844[.]

7

5. Attorney Peters failed to pursue a possible 5K1.1 for movant[.]

6. Attorney Peters failed to argue for disparity in sentences compare to other defendants. (Court File No. 400). These claims are quoted in their entirety and no factual support was supplied for any of these claims.

### 1. Failure to Argue Application of the Safety Valve

Huntley asserts counsel was ineffective for failing to argue the safety valve sentence reduction set forth in 18 U.S.C. § 3553(f) which limits the applicability of the imposition of statutory minimums in certain cases was applicable to his sentence. Huntley is simply incorrect in this assertion as the record clearly shows, beyond dispute, that counsel sought application of the safety valve reduction. Although Huntley's prior criminal history rendered him ineligible for a safety valve reduction, counsel filed a sentencing memorandum requesting application of the safety valve by the Court in the sentencing of Huntley (Criminal Court File No. 294) and he vigorously argued for its application (Criminal Court File No. 371, p. 5-11). Thus, counsel's performance was not deficient as he did press for safety-valve sentencing. Accordingly, Huntley is **DENIED** relief on this alleged instance of ineffective assistance of counsel.

### 2. Failure to Appeal

Second, Huntley claims counsel was ineffective for failing to appeal his sentence. Initially the Court observes that Huntley neither claims he directed counsel to file an appeal or expressed a desire to appeal his sentence. Additionally, Huntley has not claimed counsel failed to consult with him about an appeal. Thus, Huntley has failed to make a sufficient allegation of deficient performance.

Although Huntley does not claim counsel failed to consult with him about an appeal, even

8

if that were the case, he has not demonstrated, nor does the record reflect, any reason to think a rational defendant would have wanted to pursue an appeal or that Huntley reasonably demonstrated to counsel that he was interested in appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) ("We hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing"). In making this determination, the Court considers the fact that Huntley pleaded guilty; the sentence received was the sentence he bargained for; and Huntley does not raise, nor is the Court aware of, a nonfrivolous issue to appeal. *See id.* Huntley has not presented any evidence to the Court that demonstrates that a rational defendant would have wanted to pursue an appeal or that he demonstrated to counsel that he was interested in filing an appeal.

Moreover, the record clearly reflects that Huntley was made aware of his right to appeal by this Court. After Huntley's sentencing the Court instructed Huntley and his codefendants as follows: "You each have the right to appeal the sentence the Court just announced. If you would like to appeal the sentence, your notice of appeal must be filed within ten days. If you cannot afford counsel to represent you in your appeal, the Court will appoint counsel to represent you." (Court File No. 371, p. 26). Huntley never filed an appeal nor requested the Court to appoint counsel to pursue his appeal. Under these circumstances, Huntley has failed to state a claim of ineffective assistance of counsel. *See Regalado v. United States*, 334 F.3d 520, 524-26 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so). Even assuming counsel was ineffective for failing to file an appeal, Huntley has not identified and the Court does not find any viable issue that could have been successfully

9

pursued on direct appeal. Thus, not only has Huntley has failed to demonstrate counsel was ineffective for failing to file an appeal, he has failed to demonstrate he suffered any prejudice as a result of counsel's alleged failure. Accordingly, Huntley will be **DENIED** relief on his claim that counsel was ineffective for failing to file an appeal.

### 3. Failure to Pursue a Reduction in Sentence

Huntley claims "Attorney Peters failed to follow up and inform movant as to status of possible reduction of sentence." (Court File No. 400). Once again, Huntley has failed to provide any factual details to support his claim. The Court is unaware of any grounds upon which Huntley's sentence could have been reduced (other than acceptance of responsibility for which he received a three level reduction) and, moreover, Huntley has not identified any grounds upon which his sentence could have been reduced.

Huntley received a three-level reduction in his offense level for acceptance of responsibility (Presentence Report p. 17). Although the government advised the Court that in a very timely manner after Huntley's arrest on the indictment, he was very forthcoming and truthful about his activities, this cooperation, according to the government, did not amount to substantial assistance thus he was not entitled to a reduction of sentence (Criminal Court File No. 371, p. 20). The government has the discretion under United States Sentencing Guideline ("USSG") § 5K1.1 to move for a sentence reduction based on substantial assistance, subject only to constitutional limitations. *See Wade v. United States*, 504 U.S. 181, 185 (1992). Likewise, the government has the discretion under Rule 35(b) of the Federal Rules of Criminal Procedure to file a motion to reduce sentence within one year of sentencing, and in certain limited instances more than one year after sentencing, based on a defendant's substantial assistance. There is no showing that the government

unconstitutionally declined to file a Rule 35(b) motion or a § 5K1.1 motion on Huntley's behalf. Huntley presents no

evidence indicating he provided substantial assistance to the government or any assistance justifying a reduction of sentence under either USSG § 5K1.1 or Rule 35(b).

To demonstrate counsel was ineffective in this instance, Huntley must demonstrate counsel's assistance was unreasonable under the circumstances of his case. This, Huntley has not done as there is no evidence identifying any grounds upon which Huntley's sentence should have been reduced under Rule 35(b) or USSG § 5K1.1 nor is there any evidence identifying any grounds upon which counsel could have relied to move for a sentence reduction. Accordingly, Huntley has not adequately alleged, much less demonstrated, counsel was ineffective for failing to "follow up and inform [him] as to [the] status of [a] possible reduction of sentence." (Court File No. 400, p. 5). Because Huntley makes this claim without any facts in support of the claim, he has failed to raise a viable claim. Nevertheless, the record clearly reflects that Huntley has not met his burden of demonstrating his counsel's performance fell below any objective standard of reasonableness or that he suffered any prejudice. Accordingly, Huntley's claim that counsel was ineffective for failing to "follow up and inform" him of a possible sentence reduction is **DENIED**.

### 4. Prosecution Under 21 U.S.C. § 844

Huntley's next claim is confusingly pled and virtually indecipherable. Huntley contends "Attorney Peters failed to argue that the majority of the weight of methamphetamine should have been prosecuted under 21 U.S.C. § 844." (Court File No. 400, p. 5). Thus, Huntley seems to claim that he should have been charged under 21 U.S.C. § 844, which outlines the penalties for simple

11

possession. However, Huntley was in fact charged in the indictment and pleaded guilty to a 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A) conspiracy to manufacture offense.

By alleging he should not have faced the Title 21U.S.C. §§ 846 and 841 charges, but instead have been prosecuted under 21 U.S.C. § 844, Huntley is questioning the prosecutor's decision to charge him with these offenses. The Supreme Court, however, has recognized a prosecutor's broad discretion to initiate and conduct criminal prosecutions: "[S]o long as the prosecutor had probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). *See also United States v. Sanders*, 211 F.3d 711, 720 (2nd Cir. 2000) (prosecutor has discretion to bring criminal charge if probable causes exists); *Futernick v. Sumpter Township*, 78 F.3d 1051, 1056 (6th Cir. 1996) (prosecutor has broad discretion in determining whom to prosecute).

Huntley has not alleged that probable cause did not exist, as indeed he could not, since his voluntary confession and guilty plea to conspiring to manufacture 500 grams or more of methamphetamine serves as an admission he engaged in the statutorily-proscribed conduct and since he has raised no challenge to the validity of that plea. In short, the decision to prosecute Huntley for the §§ 841 and 846 violations is not one that, generally, should be second-guessed by this Court. *See Town of Newton v. Rumery*, 480 U.S. 386, 396 (1987) (a prosecutor is properly given broad discretion since the prosecutor, not courts, must evaluate the strength of the case, the allocation of resources, and enforcement priorities); *Wayte v. United States*, 470 U.S. 598, 607 (1985) (same). Although, clearly, Huntley would have reached a different decision with regard to the conspiracy

12

to manufacture methamphetamine charge had he been the prosecutor, the responsibility for making that decision lies elsewhere. *United States v. Barnes*, 230 F.3d 311, 314 (7th Cir. 2000) (prosecutor, not defendant, has discretion to select which illegal activity to prosecute); *United States v. Robertson*, 45 F3d 1423, 1437 (10th Cir. 1995) ("[c]harging decisions are primarily a matter of discretion of the prosecution").

As to his claim that his attorney rendered ineffective assistance by failing to argue he should have been prosecuted under 21 U.S.C. § 844, Huntley must show his counsel's performance was deficient and that counsel's unprofessional errors resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Since Huntley's conviction resulted from guilty pleas, he can prove prejudice by showing that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Huntley pleaded guilty to conspiracy to manufacture 500 grams or more of a mixture and substance containing methamphetamine and admitted to manufacturing approximately seven grams of methamphetamine for five or six years, once every two weeks (Criminal Court File No. 161). The evidence supported Huntley's conviction's for manufacturing methamphetamine. Indeed, Huntley does not claim there was insufficient proof to convict him for manufacturing methamphetamine nor does he deny manufacturing the drug. Huntley's admission to the manufacturing offense necessarily means he was guilty of that offense. Consequently, not only has he failed to demonstrate that but for counsel's alleged error, he would not have pleaded guilty and would have insisted on going to trial, he has not demonstrated counsel was deficient for failing to argue he should have been sentenced for simple possession of methamphetamine rather than manufacturing it. Based on the record, which includes Huntley's confession and guilty plea, such an argument would have been

frivolous and counsel is not required to raise frivolous arguments. Therefore, Huntley has not demonstrated counsel's performance fell below an objective standard of reasonableness and that but for the alleged errors of trial counsel, the outcome would have been different. Accordingly, Huntley will be **DENIED** relief on his claim that counsel should have argued to have his drug manufacturing offense reduced to a simple possession offense.

### 5. Failure to Pursue § 5K1.1 Sentence Reduction

Huntley contends counsel failed to pursue a reduction of sentence under USSG § 5K1.1. As the Court previously discussed in section three above, the decision to request a sentencing departure under § 5K1.1 is within the government's discretion. Huntley does not contend he cooperated with the government and provided substantial assistance. The only proof before the Court regarding Huntley's interaction with the government is the Assistant United States Attorney comment during Huntley's sentencing proceedings that he met "with the government in a very timely manner after [he was] arrested on the indictment, and , in our opinion, [was] very forthcoming and truthful about [his] activities. Obviously it didn't amount to a substantial assistance motion. But I did want the Court to be aware of that." (Criminal Court File No. 371, p. 20).

Huntley has not presented any evidence to support a § 5K1.1 departure. The government's decision not to move for a downward departure appears to be fair and made in good faith. Huntley does not claim he assisted the prosecutors with regard to any other person or prosecution. Although Huntley apparently admitted his involvement in the conspiracy to manufacture methamphetamine, he did not provide substantial assistance. *See United States v. Nelson-Rodriguez*, 319 F.3d 12, 53 (1st Cir. 2003) ("[S]ubstantial assistance is a higher standard for a defendant to meet that mere

cooperation."). Huntley's action of being truthful about his activities, however, did not warrant a departure or sentence reduction. There is no evidence before the Court indicating Huntley provided substantial assistance or that the government acted with an unconstitutional motive when it declined

to file a motion for a sentence reduction. Accordingly, counsel was not ineffective for failing to pursue a § 5K1.1 sentence reduction on Huntley's behalf.

### 6. Failure to Argue Disparity of Sentences Among Codefendants

Finally, Huntley contends "Attorney Peters failed to argue for disparity in sentences compared to other defendants." (Court File No. 400, p. 5). Huntley fails to provide any factual support for this allegation.

Huntley was sentenced, along with three of his codefendants. One codefendant was sentenced to a 64-month term of imprisonment; one to a 77-month term of imprisonment; and Huntley and codefendant Ms. Campbell were each sentenced to a 120-month term of imprisonment. The disparity argument is unavailing because, unlike Huntley, the two codefendants who were sentenced to less than a 120-month term of imprisonment received a downward departure for the assistance they rendered the government (Criminal Court File No. 371, p. 14-15). Additionally, the codefendant who received the 64-month term of imprisonment, Mr. Richardson, also had a Criminal History Category I, where Huntley had a Criminal History Category II. In addition, unlike Huntley who was subjected to a minimum mandatory sentence of ten years, it appears that Mr. Richardson was not exposed to that mandatory minimum sentence.

Although the goal of 18 U.S.C. § 3553(a)(6) is to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *United*

15

*States v. Simmons*, 501, F.3d 620, 623-24(6th Cir. 2007), it is concerned with national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct, not with disparities between one individual's sentence and another individual's sentence, despite the fact the two are codefendants. "Instead, § 3553(a)(6) is there to ensure nationally uniform sentences among like offenders so as to leave room to depart downward for those defendant who are truly deserving of leniency." *Id.* at 624 (citations omitted). "[A] departure intended to achieve uniformity in the sentencing of codefendants is not appropriate when a basis for the disparity exists." *United States v. Walls*, 293 F.3d 959, 969 (6th Cir. 2002).

There is nothing in the record demonstrating Huntley's sentence was substantively unreasonable. The guideline range according to the presentence report was 97 to 121 months, based on Huntley failing into an offense category of 29 with a criminal history category of II. Because of the mandatory minimum sentence his effective guideline range was 120-121 and the Court sentenced him to a term of 120 months imprisonment. Consequently, even if counsel had raised a disparity argument, the sentence of Huntley and his codefendants would have remained the same as "a mere disparity between the sentences of codefendants, without more, does not justify a downward departure." *United States v. DeJohn,* 368 F.3d 533, 547 (6th Cir. 2004). Accordingly, Huntley has not and cannot demonstrate counsel was ineffective for failing to argue disparity of sentence or that he suffered any prejudice due to counsel's failure to make such an argument.

**V.     Conclusion**

Huntley has failed to present any facts which establish his sentence is subject to collateral attack under 28 U.S.C. § 2255. Accordingly, Huntley is not entitled to any relief under § 2255 and a judgment will enter **DENYING** his motion.

E N T E R :

                        **/s/**
                        **CURTIS L. COLLIER**
                        **CHIEF UNITED STATES DISTRICT JUDGE**